WALLACE, Circuit Judge,
concurring:
While I fully join in the memorandum disposition, I write separately to express my concern with Judge Berzon’s concurrence.
It is clear that it is not our place as appellate judges to act as fact-finders. That makes sense because “[t]he trial judge’s major role is the determination of fact, and with experience in fulfilling that role comes expertise.” Anderson v. City of Bessemer City, 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). That “expertise” exists here: we are reviewing factfinding and credibility determinations by a judge who has been doing so as a district judge for nearly three decades. It is for that reason that we review factual findings underlying the denial of a motion to suppress only for clear error. See United States v. Lynch, 437 F.3d 902, 912 (9th Cir.2006). In undertaking this review, we give special deference to the role of the trial court in making credibility determinations. See United States v. Has-wood, 350 F.3d 1024, 1028 (9th Cir.2003). When this is completed, our job (and our appellate expertise) is at an end.
I disagree with Judge Berzon’s effort to scour the excerpt of record we have before us on appeal to determine that a potential timing/geography problem exists. Judge Berzon concludes that there is no way Detective Giannone could have observed Schultz run a stop light at Tropicana and Audrie and then followed him to another location over five miles away before losing him, all in the span of six minutes. If there was something to this supposed issue, it seems to me that Schultz’s attorney would have raised it in the district court, yet the attorney did not. Schultz likewise did not raise this issue on appeal. As she acknowledges, Judge Berzon alone has discovered her asserted factual issue.
It may be that there is a simple explanation for the seeming discrepancy as to the timing of Schultz’s surveillance. Indeed, it is possible that this geographic issue is merely the result of imprecision in the dispatch log or officer testimony. Whether imprecision in the log or testimony was the result of fabrication or mere mistake is the province of the district court, not this panel. Judge Berzon’s “factual findings” on this issue usurps the role of the district court. Had the trial lawyers, who knew this case better than we do, thought the suggested issue had any merit and called it to the attention of the court, the district *704 judge could have made a record and a finding on the precise issue.
Additionally, Judge Berzon questions Detective Giannone’s credibility because he “flip-flopped” as to who first spotted Schultz again after he was lost. The district judge personally observed Detective Giannone testify and could properly have discounted his testimony if he did not believe it. After observing extensive questioning and cross-examination of Detective Giannone’s so-called “flip-flop” as to who first saw Schultz after he was lost, the district court accepted Detective Giannone’s testimony on this issue. Unless we are willing to say that the district court’s factual findings as to this alleged “flip-flop” were clearly erroneous, we should not take it upon ourselves to be a Monday-morning quarterback for the district court and make our own personal factual finding. Our sense of the truth of any particular testimony cannot supplant the competency of the district court to make credibility determinations based on careful observation as well as hearing testimony live. The record alone is no substitute.
Finally, Judge Berzon expresses skepticism about the testimony of Detective Giannone, finding it implausible that two separate officers — Detective Giannone and Sergeant Siwy — both rediscovered Schultz within moments of one another, and that Schultz, at nearly the same time, committed another traffic violation. Because of her other concerns about the record, Judge Berzon indicates that she would give this narrative little weight. But such a determination goes beyond what we are tasked with doing as appellate judges. “[0]ur review of a factual finding may not look to what we would have done had we been in the trial court’s place in the first instance.” United States v. Hinkson, 585 F.3d 1247, 1261 (9th Cir.2009).
In sum, once we conclude that there is no clear error, our review of the facts is over. We should not suggest that we would have made better factual findings based on a review of the cold record. Any intimation otherwise is unfair to the very experienced district judge who first-hand evaluated the evidence and determined credibility.